STATE EX REL. GEORGE A. M. POLK v. RALPH H. TAHASH.

186 N. W. (2d) 175.

April 2, 1971—No. 42002.

*John S. Connolly,* for appellant.

*Douglas M. Head,* Attorney General, *Jerome Truhn,* Solicitor General, and *James N. Bradford,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Otis, Rogosheske, Peterson, and Rosengren, JJ.

PER CURIAM.

This is an appeal from a judgment dismissing a writ of habeas corpus by which defendant sought to test the validity of his confinement in the State Prison arising out of a conviction for sodomy in 1955. The issue is whether the commissioner of corrections could assume jurisdiction over petitioner without a determination by the Youth Conservation Commission before his 25th birthday that his discharge would be dangerous to the public. We affirm.

In February 1955, petitioner pled guilty to the crime of sodomy and was sentenced to the Youth Conservation Commission for a term of 20 years. The sentence was stayed for 5 years, and he was placed on probation under the supervision of the Hennepin County Probation Office.

In January 1960, petitioner was arrested for forgery and pled not guilty on February 3, 1960. On February 22, he became 25 years of age. Two days later, he was found guilty of forgery, and on the next day his

probation was revoked and he was committed to the Youth Conservation Commission. In March he was sentenced to the State Reformatory for 10 years (increased because of one prior conviction) on the forgery charge,[1] and in April the Youth Conservation Commission made a formal determination that he should be transferred to the commissioner of corrections with respect to his sentence for sodomy.

The relevant statute, Minn. St. 1957, § 242.27, provides in part:

"Unless previously discharged under the provisions of sections 242.01 to 242.38, a person who has been committed to the commission upon conviction of a crime shall be discharged by the director and be given his liberty on his twenty-fifth birthday, unless the commission shall determine that such discharge at that time would be dangerous to the public in which event the commission shall terminate its control in the following manner:

"(1) If he be then on probation under the supervision of the probation officer of a district court, the future control and disposition of the case shall be in all respects as though such probation were under the order of said court."

Petitioner asserts that it was the duty of the probation office to advise the Youth Conservation Commission before petitioner became 25 that his discharge would be dangerous to the public, and since it failed to do so the Youth Conservation Commission lost jurisdiction. Literally read, the statute would require this result. However, we do not construe it so narrowly. Bearing in mind that petitioner was arrested for forgery in January 1960 and was not found guilty until February 24, 1960, 2 days after his 25th birthday, the question of whether petitioner was dangerous to the public was still in the process of adjudication at the time of his birthday. Under these peculiar circumstances, we do not believe it was the intention of the legislature that the jurisdiction of the Youth Conservation Commission be irrevocably lost.

We therefore hold that where a defendant committed to the Youth Conservation Commission has been charged with an offense while on probation prior to his 25th birthday, the commission retains jurisdiction after his conviction for a reasonable length of time to determine whether he is dangerous to the public, notwithstanding the adjudication on which that finding is based occurs after his 25th birthday.

Affirmed.

---

[1] That conviction was affirmed in State v. Polk, 263 Minn. 209, 116 N. W. (2d) 540.